**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

GLENN L. DANCY,
            *Plaintiff-Appellant,*

v.

ARCHIE C. GEE, Warden; KIM
THORNEWELL; FERDINAND MASSARI,
Doctor; CAPTAIN DAVIS; GRACE
MITCHELL, R.N.; STUART O. SIMMS,
Secretary; JOSEPH HENNEBERRY,
Director; RICHARD A. LANHAM, SR.,
Commissioner; KEITH GREEN,
Lieutenant; DOCTOR EDWARD;
DOCTOR KASHYAP; DOCTOR
AVANDALE; RAYMON JONES, R.N.;
CONNIE DAWSON, R.N.; MISS GRAY,
R.N.; KIM WRAY, Nurse; WILLIAM
HARDY, Nurse; KATHERINE COLEMAN,
Nurse; BARBARA WALTON, Nurse;
MARTHA HANNON, Nurse; JANE DOE,
Nurse; JOHN DOE; EMSA
CORRECTIONAL CARE, INCORPORATED;
CORRECTIONAL MEDICAL SERVICES
(CMS); ARA HEALTH SERVICES,
INCORPORATED,
            *Defendants-Appellees,*

and

WILLIAM SMITH, Chief of Security;
ALL PATUXENT STAFF; ALL EMSA
STAFF, Patuxent Institute,
            *Defendants.*

No. 00-7482

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
J. Frederick Motz, District Judge.
(CA-98-1060-JFM)

Submitted: October 2, 2002

Decided: December 2, 2002

Before WILKINS, NIEMEYER, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**COUNSEL**

Jonathan P. Kagan, Jennifer M. Patrick, BRASSEL & BALDWIN, P.A., Annapolis, Maryland, for Appellant. J. Joseph Curran, Jr., Attorney General of Maryland, Sharon Stanley Street, Assistant Attorney General, Baltimore, Maryland, for State Appellees. Philip M. Andrews, George E. Brown, KRAMON & GRAHAM, P.A., Baltimore, Maryland, for Appellees Correctional Medical and Massari; Donald J. Crawford, GODARD, WEST & ADELMAN, Rockville, Maryland, for Appellee EMSA.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Glenn Dancy, an inmate at the Patuxent Institution, a maximum

security facility in Jessup, Maryland, appeals the district court's order awarding summary judgment on his 42 U.S.C. § 1983 claims in favor of various state prison officials and health care providers (the "Defendants").[1] In his lawsuit, Dancy alleged that the Defendants had violated § 1983, the Maryland Constitution, and Maryland common law when they forcibly subjected him to anti-psychotic medication on twenty-two occasions.

In response to Dancy's allegations, the Defendants moved for summary judgment, maintaining that Dancy, who had been diagnosed with paranoid schizophrenia, was forcibly medicated only in emergency situations when he exhibited behavior that was dangerous to himself or others.[2] Specifically, the Defendants, in supporting their summary judgment request, documented, with affidavits and records, the circumstances surrounding the various instances of Dancy's involuntary medication, demonstrating that on various occasions Dancy flooded his cell, pounded on the walls with his bed frame, rattled loose bolts on the plumbing, and threw urine and feces at others. They pointed out that, pursuant to the written policy of the Department of Public Safety and Correction Services, psychiatric illness could be medicated, over objection, if such treatment was for the health and safety of the inmate or others and was clinically appropriate. And each time emergency medication was given to Dancy, it was deemed medically necessary and ordered by a psychiatrist who was either present or contacted by phone. Dancy did not dispute the specifics of

---

[1]The officials awarded summary judgment include Archie Gee, the Warden at Patuxent; Stuart Simms, the Secretary of Maryland's Department of Public Safety & Correctional Services; Richard Lanham, Sr., the Commissioner of its Division of Corrections; Joseph Henneberry, a Director at Patuxent; Captain Terrence Davis, a Correctional Officer at Patuxent; and Lieutenant Keith Green, a Correctional Officer at Patuxent. The health care providers awarded summary judgment were EMSA Correctional Care, Inc.; Correctional Medical Services, Inc.; and Dr. Ferdinand Massari. Dancy failed to serve the remaining defendants.

[2]Unlike the others who sought summary judgment, EMSA Correctional Care, Inc., filed a motion to dismiss Dancy's lawsuit. Because, in addressing this motion, the court considered materials outside the pleadings, EMSA's motion to dismiss was converted to a motion for summary judgment. *See* Fed. R. Civ. P. 12(b).

the factual underpinnings of his medications, but asserted that he disagreed "with each and every reason given by the [Defendants] to forcibly inject me without my consent." Dancy also maintained that he "was never a danger to [himself] or anyone else."

On the record before it, the district court concluded that Dancy's general denial of being dangerous and his conclusory statements failed to establish a genuine issue of material fact on his § 1983 claims. The court observed that "[n]owhere in his affidavit does he contest the factual evidence about particular incidents where his behavior was abusive, self-injurious, or violent." The court then reviewed the applicable legal principles and awarded summary judgment to the Defendants on Dancy's § 1983 claims.[3] *Dancy v. Simms*, No. JFM-98-1060, Memorandum (D. Md. Sept. 15, 2000) (the "Opinion"). Dancy has appealed.

Having carefully considered the submissions of the parties, we are unable to discern any error in the ruling of the district court. As it observed, the Supreme Court has held that a state may constitutionally "treat a prison inmate who has a serious mental illness with antipsychotic drugs against his will, if the inmate is dangerous to himself or others and the treatment is in the inmate's medical interest." *Washington v. Harper*, 494 U.S. 210, 227 (1990); Opinion at 3-4. The court carefully reviewed the applicable precedent in this regard, including our decision in *United States v. Charters*, 863 F.2d 302 (4th Cir. 1988), and its progeny, concluding that "the decision to administer anti-psychotic medication over an inmate's objection comports with due process if . . . made in the exercise of professional medical judgment and [in] an emergency situation where the inmate posed a danger to himself or others." Opinion at 5. The court then concluded that "the professional judgments of Dancy's health care providers and the emergency medication policies [of Maryland's] prison officials complied with the [applicable] standard." *Id.* at 6. While Dancy made a general denial of being dangerous, the court properly concluded that such a denial was insufficient to create an issue of material fact. He presented no medical evidence contradicting the judgments of the

---

[3]After awarding summary judgment on the § 1983 claims, the court declined to exercise supplemental jurisdiction over Dancy's remaining state law claims.

medical professionals and, in the absence of such evidence, he was unable to create a triable issue. *Id.* at 7.

Pursuant to the foregoing, we are content to affirm the award of summary judgment against Dancy on the basis of the district court's well reasoned Opinion.

*AFFIRMED*